# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAURA L. LEYVA CASTILLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: ____________** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF DOCUMENTS**

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | Index of Matters Being Filed |
| **B.** | Docket Sheet in the State Court Action |
| **C.** | Plaintiff's Original Petition Filed on August 19, 2025 |
| **D.** | Citation and Return of Service for State Farm Lloyds filed with the Court on September 12, 2025 |
| **E.** | State Farm Lloyds' Answer to Plaintiff's Original Petition filed September 25, 2025 |
| **F.** | Affidavit of Brant Kaufmann |
| **G.** | List of Counsel of Record |

Respectfully Submitted,

*/s/ Susan E. Egeland*

SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on September 29, 2025.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND

# EXHIBIT B

## Case Information

DC-25-14025 | LAURA L. LEYVA CASTILLO vs. STATE FARM LLOYDS

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-25-14025 | 101st District Court | WILLIAMS, STACI |
| **File Date** | **Case Type** | **Case Status** |
| 08/19/2025 | INSURANCE | OPEN |

## Party

PLAINTIFF
CASTILLO, LAURA L. LEYVA

Active Attorneys
Attorney
BONILLA, CINTHIA A.
Retained

Lead Attorney
WILSON, CHAD TROY
Retained

DEFENDANT
STATE FARM LLOYDS

Active Attorneys
Lead Attorney
SAPP, MATTHEW CLAY
Retained

## Events and Hearings

08/19/2025 NEW CASE FILED (OCA) - CIVIL

08/19/2025 ORIGINAL PETITION

PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

08/19/2025 REQUEST FOR SERVICE

08/19/2025 ISSUE CITATION

ISSUE CITATION - STATE FARM LLOYDS

08/19/2025 JURY DEMAND

JURY DEMAND FORM

08/22/2025 CITATION

Served
09/03/2025

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
09/12/2025
Comment
STATE FARM LLOYDS

09/12/2025 RETURN OF SERVICE

EXECUTED CITATION - STATE FARM LLOYDS

Comment
EXECUTED CITATION - STATE FARM LLOYDS

09/25/2025 ORIGINAL ANSWER - GENERAL DENIAL

ORIGINAL ANSWER

10/17/2025 DISMISSAL FOR WANT OF PROSECUTION

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

## Financial

CASTILLO, LAURA L. LEYVA

| | |
|---|---|
| Total Financial Assessment | $368.00 |
| Total Payments and Credits | $368.00 |

| | | | | |
|---|---|---|---|---|
| 8/20/2025 | Transaction Assessment | | | $368.00 |
| 8/20/2025 | CREDIT CARD - TEXFILE (DC) | Receipt # 58696-2025-DCLK | LEYVA CASTILLO, LAURA L. | ($231.00) |
| 8/20/2025 | STATE CREDIT | | | ($137.00) |

## Documents

PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

JURY DEMAND FORM

ISSUE CITATION - STATE FARM LLOYDS

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

EXECUTED CITATION - STATE FARM LLOYDS

ORIGINAL ANSWER

# EXHIBIT C

FILED
8/19/2025 1:46 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Mychele Galimore DEPUTY

CAUSE NO. DC-25-14025

| | | |
|---|---|---|
| LAURA L. LEYVA CASTILLO, | § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| STATE FARM LLOYDS, | § | |
| *Defendant.* | § | 101st DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Laura L. Leyva Castillo, ("Plaintiff"), and files *Plaintiff's Original Petition and Jury Demand,* complaining of State Farm Lloyds ("State Farm") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 2, Texas Rules of Civil Procedure 190.3.

**PARTIES**

2. Plaintiff, Laura L. Leyva Castillo, resides in Dallas County, Texas.

3. Defendant, State Farm Lloyds, is an insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon State Farm, through its registered agent for service listed with the Texas Department of Insurance: Corporation Service Company, 211 E 7th St., Ste. 620, Austin, Texas 78701-3218. **Plaintiff requests service at this time.**

**JURISDICTION**

4. The Court has jurisdiction over State Farm because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of State Farm's

business activities in the state, including those in Dallas County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Dallas County, Texas because the insured property is located in Dallas County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## NOTICE AND CONDITIONS PRECEDENT

6. Plaintiff has provided Texas statutory notice of the claim to Defendant in this Petition and said notice was provided to Defendant more than sixty days prior to this Petition being filed.

7. All conditions precedent necessary to maintain a claim under the insurance policy in question has been performed, occurred, or have been waived by Defendant.

## FACTS

8. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiff owns a State Farm Lloyds insurance policy, number 43-GB-B534-5 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 1145 Jeffery Trail, Irving, Texas 75062 ("the Property").

10. State Farm Lloyds or its agent sold the Policy, insuring the Property, to Plaintiff. State Farm Lloyds represented to Plaintiff that the Policy included hail and windstorm. During the policy period from March 05, 2023, to March 05, 2024, the Property sustained extensive damage resulting from a severe storm that passed through the Dallas County, Texas area. State Farm assigned a date of loss of May 27, 2024, to Plaintiff's claim.

11. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to State Farm against the Policy for damage to the Property. State Farm assigned claim number 43-70L3-25K to Plaintiff's claim.

12. Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

13. State Farm hired or assigned its agent, Aryon De La O, to inspect and adjust the claim. Aryon De La O conducted an inspection on or about July 15, 2024, according to the information contained in his estimate. Aryon De La O's findings generated an estimate of damages totaling $1,795.37. After application of depreciation and $2,512.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of her claim.

14. State Farm, through its agent, Aryon De La O, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15. State Farm and Aryon De La O have ultimately refused full coverage which includes, but is not limited to, replacement of the roof, vents, flashing, drip edge, windows, window screens, fascia, gutters, and downspouts. The storm compromised the integrity of the roof allowing water to travel into and cause damage to the master bedroom.

16. The damage to Plaintiff's Property is currently estimated in excess of $32,874.55 or the amount found by Plaintiff's testifying expert on damages.

17. Aryon De La O had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of State Farm.

18. Furthermore, Aryon De La O was aware of Plaintiff's deductible prior to inspecting the Property. Aryon De La O had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19. Aryon De La O misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Aryon De La O made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiff's Policy, Aryon De La O misrepresented that the damage was caused by non-covered perils. Aryon De La O used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, State Farm and Aryon De La O improperly and unreasonably adjusted Plaintiff's claim. Without limitation, State Farm and Aryon De La O misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22. State Farm and Aryon De La O made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. State Farm and Aryon De La O made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Aryon De La O.

23. Plaintiff relied on State Farm and Aryon De La O's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these

misrepresentations.

24. Upon receipt of the inspection and estimate reports from Aryon De La O, State Farm failed to assess the claim thoroughly. Based upon Aryon De La O's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, State Farm failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25. Because State Farm and Aryon De La O failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26. Furthermore, State Farm and Aryon De La O failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Aryon De La O performed an unreasonable and substandard inspection that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27. State Farm and Aryon De La O's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28. State Farm and Aryon De La O's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). State Farm and Aryon De La O have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, State Farm and Aryon De

La O have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. State Farm and Aryon De La O's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). State Farm and Aryon De La O failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

30. Additionally, after State Farm received statutory demand on or about November 12, 2024, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

31. State Farm and Aryon De La O's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Aryon De La O performed a biased and intentionally substandard inspection designed to allow State Farm to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, State Farm and Aryon De La O performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. State Farm's and Aryon De La O's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Aryon De La O's subpar inspection, State Farm failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34. State Farm's and Aryon De La O's conduct constitutes a violation of the Texas Insurance

Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Aryon De La O's intentional undervaluation of Plaintiff's claims, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Aryon De La O's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

35. On April 17, 2025, Plaintiff invoked appraisal in accordance with the insurance policy issued by State Farm Lloyds. *See Ex. A*

36. Plaintiff designated appraiser Ray Choate with Axiom Appraisal Group.

37. On April 25, 2025, State Farm issued a letter acknowledging Plaintiff's demand for appraisal but objecting to Plaintiff's chosen appraiser, Ray Choate, as not "disinterested". In support of its objection, State Farm relied on past allegations of misconduct, claimed bias against insurers and public statements perceived as adversarial toward the insurance industry. However, State Farm provided no actual evidence to substantiate the alleged bias or misconduct. *See Ex B.*

38. State Farm has failed to provide one single iota of evidence showing appraiser Ray Choate is not "disinterested".

39. Plaintiff has been forced to initiate this lawsuit due to State Farm's wrongful acts, omissions, and its refusal to comply with the appraisal clause of the Policy.

**CAUSES OF ACTION AGAINST DEFENDANT**

40. All paragraphs from the fact section of this petition are hereby incorporated into this section.

**BREACH OF CONTRACT**

41. State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

42. State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

43. State Farm's failure and/or refusal to comply with the appraisal clause required under the Policy constitutes a breach of its contractual obligations. Specifically, State Farm did not follow the appraisal process set forth in the Policy, thereby depriving Plaintiff of the benefit of that contractual right.

**NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

44. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

45. State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

46. State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

47. State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

48. State Farm's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

**NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

49. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

50. State Farm's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

51. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

52. State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

53. State Farm's refusal to comply with the appraisal clause and its obstruction of the appraisal process, by failing to honor the contractual procedures designed to protect the insured's

interests, acted unreasonably and with disregard for Plaintiff's rights, depriving Plaintiff of the benefits of the Policy and constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in its handling of the claim.

**DTPA VIOLATIONS**

54. State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by State Farm pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, State Farm have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. State Farm represented to Plaintiff that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. State Farm represented to Plaintiff that State Farm's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. State Farm advertised the Policy and adjusting services with the intent not to sell

them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G. State Farm's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

55. Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages. All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**KNOWLEDGE**

56. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

**WAIVER AND ESTOPPEL**

57. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

58. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

59. Plaintiff currently estimates that actual damages to the Property under the Policy are in excess of $32,874.55 or the amount found by Plaintiff's testifying expert on damages.

60. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

61. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

62. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

63. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

64. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount State Farm owed, exemplary damages, and damages for emotional distress.

65. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

66. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

67. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(b)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief over $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs.

A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUIRED DISCLOSURES

68. Under Texas Rule of Civil Procedure 194, Defendant must disclose, within thirty (30) days of filing an answer or general appearance, the information and material described in Texas Rules of Civil Procedure 194.2(b).

## JURY DEMAND

69. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Dallas County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, State Farm, be cited and served to appear and that upon trial hereof, recovers from Defendant, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show she is so justly entitled.

Dated: August 19, 2025

Respectfully submitted,

By: <u>*/s/ Chad T. Wilson*</u>

Chad T. Wilson
Bar No. 24079587
Cinthia A. Bonilla
Bar No. 24140528
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste 555
Webster, Texas 77598
Telephone: (713) 222-6000
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cbonilla@cwilsonlaw.com
**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

CHAD T. WILSON
LAW FIRM, PLLC

April 17, 2025

State Farm Lloyds
P.O. Box 106169
Atlanta, GA 30348-6169
Attn: Legal Department
statefarmfireclaims@statefarm.com

RE: Policy Number: 43-GB-B534-5
Claim Number: 43-70L3-25K
Insured: Laura L. Leyva Castillo
DOL: 05/27/2024
Loss Location: 1145 Jeffery Trail, Irving, Texas 75062

To Whom This May Concern:

There is a bona fide dispute as to the amount of covered loss to the aforementioned claim, the insured, Laura L. Leyva Castillo, hereby makes a written demand for appraisal pursuant to the insurance policy issued by State Farm Lloyds. Laura L. Leyva Castillo selects the following competent, independent appraiser:

**Ray Choate**
**Axiom Appraisal Group**
**(972) 261-4321**
**ray@axiomadjusters.com**

Pursuant to the terms of the policy, please select a competent, independent appraiser and notify our office within 20 days of receipt of this letter whom you have selected. Once the two appraisers have been identified, they will then select a competent and impartial umpire within 15 days. If they cannot agree upon an umpire within 15 days or State Farm Lloyds may request that the choice be made by a judge of a district court of a judicial district where the loss occurred.

The appraisers will separately set the amount of loss determining the full replacement cost and actual cash value for the property damages. If the appraisers submit a written report of an agreement, the amount agreed upon will be the amount of actual damages. If the appraisers fail to agree, they will submit their differences to the umpire. The written award signed by two of these three individuals will set the amount of actual damages to the property disputed in claim number 43-70L3-25K.

Should you have any questions, please do not hesitate to contact our office.

Sincerely yours,

Chad T.Wilson

EXHIBIT B

Providing Insurance and Financial Services
Home Office, Bloomington, IL

State Farm®

April 25, 2025

Chad T Wilson
Chad T Wilson, PLLC
455 E Med Center BLVD Ste 555
Webster, TX 77598

State Farm Insurance Companies
Fire Claims
PO BOX 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

RE: Claim Number: 43-70L3-25K
Insured: Laura L Leyva Castillo
Date of Loss: May 7, 2024
Policy Number: 43-GB-B534-5
Type of Policy: Homeowners Policy HW-2143
Insured Property: 1145 Jeffery Trail
Irving, TX 75062-6953

Dear Mr. Wilson:

State Farm Lloyds ("State Farm") acknowledges receipt of your letter naming Ray Choate as your client's appraiser for the referenced claim (43-70L3-25K) under the referenced homeowners insurance policy(43-GB-B534-5). For the reasons set forth below, State Farm objects to your client's appraiser designation and demands that your client name an appraiser who is competent and disinterested.

The Policy requires the appraisers to be "disinterested." Additionally, the Policy prohibits anyone who has performed services for either party or who has a financial interest in the outcome of the claim at issue in the appraisal from serving as appraiser. Thus, the appraisers must be free of all bias or partiality toward either party so that the appraisal can fairly resolve the parties' dispute.

Mr. Choate is not "disinterested" because he has a history of unethical conduct, including acts reflecting bias against insurers. For example, in 2012, Choate was indicted for theft of services charges in connection with his contracting business. In 2021, an insurer filed a federal complaint accusing Choate of fraud and conspiracy to commit fraud in his capacity as an appraiser. The insurer alleged that Choate conspired with an umpire to sign an appraisal award over $24 million more than the insured's own expert's findings. The Court later vacated that appraisal award.

Additionally, Choate's postings on his company's website, Axiom Insurance Adjusters, and his speaking engagements show bias against insurers. The Axiom website greets visitors with a banner stating that Axiom helps insurers "keep their promises," as though insurers do otherwise. Choate has also presented training on "Winning Appraisals" at the "Win the Storm" conference to explain how insureds can "Win the Claim." However, appraisal is a dispute resolution mechanism, not a game with winners or losers. Choate's contrary attitude reflects clear bias against insurers.

For all these reasons, Choate is not disinterested and he cannot serve as an appraiser under the Policy's terms. Accordingly, please appoint a qualified appraiser within 20 days of your receipt of

this letter so that the appraisal process may proceed. State Farm is ready and willing to move forward with the appraisal process once you designate a qualified appraiser.

By conditionally agreeing to participate in the appraisal process, State Farm is not waiving any of the Policy's provisions, conditions, exclusions or limitations, and in fact, intends to rely on them throughout the appraisal process. The appraisal award will be subject to all of the Policy's provisions, conditions, exclusions and limitations.

State Farm's conditional agreement to participate in the appraisal process does not constitute and should not be construed as an admission of liability by State Farm. State Farm is not waiving any of the Policy coverages, limitations, exclusions, or provisions, all of which are specifically reserved. State Farm reserves its right to assert such Policy defenses at any time.

If you have any questions regarding this letter, please contact me at the number listed below.

Sincerely,

Robin Bird CPCU, FLMI
Claim Team Manager
State Farm Fire and Casualty

State Farm Lloyds

---

# EXHIBIT D

FILED
9/12/2025 4:28 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:** **STATE FARM LLOYDS**
**BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN TX 78701-3218**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **LAURA L. LEYVA CASTILLO**

Filed in said Court **19th day of August, 2025** against

**STATE FARM LLOYDS**

For Suit, said suit being numbered **DC-25-14025,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 22nd day of August, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By /S/MATTHEW LITTLE , Deputy
**MATTHEW LITTLE**

**ESERVE**

## CITATION

**No.: DC-25-14025**

**LAURA L. LEYVA CASTILLO**
**vs. STATE FARM LLOYDS**

**ISSUED**
**on this the 22nd day of August, 2025**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MATTHEW LITTLE**, Deputy

**Attorney for Plaintiff**
**CHAD TROY WILSON**
455 E MEDICAL CENTER BLVD
STE 555
WEBSTER TX 77598-4405
832-415-1432
ESERVICE@CWILSONLAW.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Cause No. DC-25-14025

Court No.: 101st District Court

Style: LAURA L. LEYVA CASTILLO
vs. STATE FARM LLOYDS

Came to hand on the 25 day of August, 20 25, at 5 o'clock P .M. Executed at 211 E 7th St #620 Austin TX 78701, within the County of Travis at 10:07 o'clock A .M. on the 3 day of September, 20 25, by delivering to the within named State Farm Lloyds by serving Corporation Service Company By CMRRR 9589 0710 5270 1188 8425 64

each, ~~in person~~, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was ______ miles and my fees are as follows: To certify which witness my hand.

For serving Citation $______ ______________________

For mileage $______ of ______ County, ______

For Notary $______ By [signature] PSC#22977 Deputy

(Must be verified if served outside the State of Texas.) EXP 01-31-26

Signed and sworn to by the said Jafuei Anderson before me this 12 day of September, 20 25, to certify which witness my hand and seal of office.

[signature]

Notary Public Dallas County Dallas

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Lloyds

**CORPORATION SERVICE COMPANY**
**211 E. 7th STREET., #620**
**AUSTIN, TEXAS 78701**

9590 9402 9624 5121 1916 40

2. Article N

9589 0710 5270 1188 8425 64

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X Chandler Crow

☐ Agent
☐ Addres

B. Received by *(Printed Name)*

SEP 03 2025

C. Date of Deliv

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Viva Tejas Logistics

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
Mail®
Mail Restricted Delivery
on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restr Delivery
☐ Signature Confirmatic
☐ Signature Confirmatic Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Rece

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105576711
Filing Code Description: Return Of Service
Filing Description: EXECUTED CITATION - STATE FARM LLOYDS
Status as of 9/15/2025 11:53 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 9/12/2025 4:28:47 PM | SENT |
| Kellie Otteman | | kotteman@cwilsonlaw.com | 9/12/2025 4:28:47 PM | SENT |
| Cinthia Bonilla | | cbonilla@cwilsonlaw.com | 9/12/2025 4:28:47 PM | SENT |

# EXHIBIT E

FILED
9/25/2025 7:21 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

**CAUSE NO. DC-25-14025**

| | | |
|---|---|---|
| **LAURA L. LEYVA CASTILLO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | **101ST JUDICIAL DISTRICT** |

**DEFENDANT STATE FARM LLOYDS'**
**ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendant State Farm Lloyds ("State Farm") files its Original Answer to Plaintiff's Original Petition. Without waiving any of the defenses pursuant to the policy of insurance that Plaintiff purports to be claiming in this lawsuit and still insisting upon any and all policy conditions, exclusions, and other policy terms now or later arising, State Farm respectfully shows the Court as follows:

## I.
## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, State Farm generally denies all of the material allegations contained in Plaintiff's Petition and any amendment or supplement to the Petition that Plaintiff may file in this lawsuit. In accordance with Texas law, State Farm demands that Plaintiff proves, by credible evidence meeting the requisite standard of proof, each and every allegation made and contained in this case.

## II.
## SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

1. Defendant alleges each of the following general and affirmative defenses, expressly reserving all of its rights to allege additional defenses, and or/to seek leave of Court to allege additional defenses, when and if facts supporting such defenses become known to Defendant.

2. Defendant specifically denies that it violated any of the Texas Insurance Code or Texas DTPA provisions alleged by Plaintiff, and that any of its alleged actions or omissions concerning Plaintiff's claim, which Defendant denies, were done knowingly, intentionally, or in bad faith.

3. **POLICY TERMS, CONDITIONS AND LIMITS**. Any recovery will be subject to the policy limits and policy terms, conditions, exclusions, and limitations.

4. **DEDUCTIBLE**. Any recovery will be subject to the amount of the applicable deductible within the insurance policy.

5. **CONCURRENT CAUSATION**. Defendant asserts the defense of concurrent causation. Under the doctrine of concurrent causes, an insured's recovery is limited to the amount of damage caused by a covered peril.[1] In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril.[2] Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage attributable[3] to the non-covered peril is a coverage issue on which the insured bears the burden of proof.

---

1 *Wallis v. United Servs. Automobile Ass'n*, 2 S.W.3d 300, 302-03 (Tex. App. – San Antonio 199, pet. denied).

2 *Hamilton Props. V. The Am. Ins. Co.*, 2014 WL 3055801 (N.D. Tex. Jul. 7, 2014); *Traveleres Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971); *Wallis*, 2 S.W.3d at 303.

3 *Hamilton*, 2014 WL at *4; *Wallis*, 2 S.W.3d at 303 n.5.

6. **COVERAGE IS LIMITED TO SUDDEN AND ACCIDENTAL DIRECT PHYSICAL LOSS COVERED UNDER THE POLICY DURING THE APPLICABLE POLICY PERIOD**. Pursuant to the following provision of the Policy, coverage is limited to accidental direct physical loss:

**SECTION I – LOSSES INSURED**

> We will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded are limited in Section 1 – Losses Not Insured or otherwise excluded or limited in this policy. Accidental means happening by chance, unexpectedly, and/or unintended from ***your*** standpoint. However, loss does not include and ***we*** will not pay for, any ***diminution in value***.
>
> * * *

There is no coverage for the repair or replacement of undamaged property since there is no accidental direct physical loss caused by a covered cause of loss.

7. **LOSSES NOT INSURED.** Plaintiff's claims are barred in whole or in part because the damages were not insured under the following provision of the Policy:

> **SECTION I – LOSSES NOT INSURED**
>
> 1. ***We*** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> * * *
>
> f. seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:
>
> (1) and is:
> (a) continuous;
> (b) repeating;
> (c) gradual;
> (d) intermittent;
> (e) slow; or
> (f) trickling; and
>
> (2) from a:

(a) heating, air condition, or automatic fire protective sprinkler system;
(b) household appliance; or
(c) plumbing system, including from within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

***We*** also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time;

g. wear, tear, marring, scratching, inherent vice, latent defect, or mechanical breakdown;

h. corrosion, electrolysis, or rust;

i. wet or dry rot;

j. contamination or pollution, meaning the presence, discharge, dispersal, seepage, migration, release, or escape of contaminants or pollutants at or from any source . . .

k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, walls, floors, roofs, or ceilings;

l. all animals, birds, or insects. . . .

m. pressure from or presence of tree, shrub, or plant roots.

*   *   *

2. ***We*** will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. ***We*** will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

   a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a ***building structure*** or other structure;

   b. **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

   **a.** earthquake;

**b.** landslide, mudslide, or mudflow;

**c.** sinkhole or subsidence;

**d.** movement resulting from:

(1) improper compaction;

(2) site selection;

(3) natural resource extraction activities; or

(4) excavation;

**e.** erosion;

**f.** pressure by surface or subsurface earth or fill; or

*    *    *

c. **Water**, meaning:

(1) flood;
(2) surface water . . .
(7) water or sewage from outside the ***residence premises*** plumbing system that enters through sewers or drain, or water or sewage that enters into and overflows from within a sump pump, sump pump well, or any other system designed to remove subsurface water that is drained from the foundation area;
(8) water or sewage below the surface of the ground, including water or seepage that exerts pressure on, or seeps or leaks through a ***building structure***, sidewalk, driveway, swimming pool, or other structure; or
(9) material carried or otherwise moved by any of the water or sewage, as described in items c.(1) through c.(8) . . .

d. **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss . . .

*    *    *

g. **Fungus**, including:

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement, by ***fungus***;
(2) any remediation of ***fungus***, including the cost to:

(a) remove the ***fungus*** from covered property or to repair, restore, or replace that property; or

(b) tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property . . .

* * *

3. ***We*** will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, ***we*** will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

* * *

b. defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4) maintenance; of any property (including land, structures, or improvements of any kind) whether on or off the ***residence premises***; or

c. weather conditions.

However, ***we*** will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described in this Section.

* * *

8. **CONTRIBUTORY NEGLIGENCE AND COMPARATIVE FAULT**. Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory negligence and comparative fault.

9. **DUE PROCESS.** To the extent Plaintiff seeks punitive damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States

Constitution. Defendant affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

10. **PUNITIVE DAMAGES IMPROPER AND SUBJECT TO LIMITATIONS.** To the extent Plaintiff seeks punitive damages against Defendant, assessment of punitive damages is improper because Plaintiff failed to plead any predicate authorizing the recovery of punitive damages. Plaintiff is unable to establish, by credible evidence meeting the requisite standard of proof, that Defendant was actually aware of any harm which Plaintiff alleges to have sustained as a result of the handling of Plaintiff's insurance claim; therefore, Plaintiff is not entitled to any alleged exemplary or punitive damages because Plaintiff is unable to prove that Defendant was actually aware of an extreme risk resulting from the handling of Plaintiff's claim. Further, Plaintiff is unable to establish, by clear and convincing evidence, that Defendant acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice and Remedies Code, Plaintiffs are not entitled to any supposed exemplary or punitive damages that Plaintiff alleges in this lawsuit. Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code Section 41.002-41.009.

11. **TEXAS INSURANCE CODE AND DTPA.** Plaintiff's claims under the Texas Insurance Code and Texas DTPA are barred because, among other things, (a) the procurement of Plaintiff's insurance policy was reasonable and done with Plaintiff's full knowledge, understanding, and participation; (b) Defendant did not breach the Policy under which Plaintiff purports to claim benefits in this lawsuit; (c) Defendant made no misrepresentations of material fact at any time; (d) Plaintiff has not sustained any damages; (e) the handling and investigation of

Plaintiff's insurance Claim was reasonable; (f) any alleged liability for Plaintiff's insurance claim did not become and is not reasonably clear; and (g) there is a bona fide coverage dispute concerning Plaintiff's insurance Claim and the Policy under which Plaintiff purports to claim benefits in this lawsuit. Defendant had a reasonable basis for its conduct based upon the information provided by Plaintiff and Defendant's resulting Claim investigation. A mere bona fide coverage dispute does not constitute a breach of any duty of good faith and fair dealing to any extent alleged by Plaintiff in this lawsuit. Moreover, a bona fide controversy exists in the valuation of Plaintiff's Claim and Defendant's liability, if any, under the contract. Therefore, Plaintiffs' extra-contractual causes of action are precluded.

12. **LACK OF COVERAGE PRECLUDES EXTRA-CONTRACTUAL LIABILITY.** The existence of coverage and/or compensable damage for Plaintiff's underlying insurance claim is mandatory to establish the basis of Plaintiff's claims under the Texas Insurance Code and the common law. Because Plaintiff's allegations are generally based upon Defendant's alleged failure to pay policy benefits, and differences in price and scope or repairs to the property at issue, the absence of coverage for many portions of Plaintiff's underlying insurance claim precludes Plaintiff's Insurance Code and extra-contractual claims against Defendant arising out of those allegations.

13. **OBJECTION TO PLAINTIFF'S FAILURE TO PROVIDE PRE-SUIT NOTICE (TIC 524A)**. Per Texas Insurance Code § 542A.007(d), Defendant pleads and proves that it was entitled to, but did not receive, pre-suit notice from Plaintiff "stating the specific amount alleged to be owed" by Defendant or the other statutory requirements under § 542A.003(b)(2) at least 61 days before Plaintiff filed this lawsuit. While Plaintiffs sent a letter on November 5, 2024, the letter does not comply with 542A because it does not state the "specific" amount alleged to be

owed. Rather, Plaintiff's counsel states that, "Based on the information currently available to us, and as required by Texas law, including Tex. Ins. Code sec. 542A.003, we contend that $32,874.55 is the amount of damage for the replacement cost for the damages or loss to the covered property." Plaintiff's counsel further states that "the specific amount owed by you would be this amount less any deductibles, prior or any subsequent payments, or policy provisions which limit payment of, or the timing of the payment of, the full replacement cost." This defies the legislative intent of the statute and is not permissible. Because Defendant timely objected to Plaintiff's defective notice, the Court may not award Plaintiff any attorney's fees incurred after the date of this pleading. TEX. INS. CODE §542A.007(d).[4]

14. **EXCESSIVE DEMAND DOCTRINE.** Plaintiff's claim for recovery is barred in whole or in part, or is subject to limitation or reduction, pursuant to the excessive demand doctrine.[5] Plaintiff's claim for attorney's fees is also subject to reduction or preclusion by Texas Insurance Code § 542A.007.

15. **CREDIT/OFFSET.** Defendant is entitled to a credit or offset against Plaintiff's damages, if any, in the amount of Plaintiff's deductible and any prior sums paid by Defendant.

16. **ACCORD AND SATISFACTION.** Plaintiff's claims are barred by the doctrine of accord and satisfaction.

---

[4] **Sec. 542A.007. AWARD OF ATTORNEY'S FEES.**

> (d) If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

[5] *See, e.g., Triton 88, L.P. v. Star Elec., L.L.C.*, 411 S.W.3d 42, 65 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citations omitted).

17. **FAILURE TO STATE A CLAIM.** Plaintiff's extra-contractual claims are barred in whole or in part because Plaintiff has failed to assert a claim on which relief may be granted.

18. **FAILURE TO MITIGATE.** Plaintiff's claims are barred to the extent Plaintiff failed to mitigate his damages.

19. **PAYMENT.** Plaintiff's claims are barred by the doctrine of payment. Defendant issued complete payments to Plaintiff under the Policy for repair and/or replacement of the property allegedly damaged by the perils at issue.

20. **LOSS SETTLEMENT PROVISION/CONDITION.** Under the Policy, Plaintiff must first repair or replace damaged property to recover replacement cost benefits. Recovery of such benefits is further governed by the following provisions of the Policy:

**SECTION I – LOSS SETTLEMENT**

**A1 – Replacement Cost Loss Settlement – Similar Construction**

a. We will pay the cost to repair or replace with similar construction and for the same use on the premises . . . the damaged part of the property covered under Section 1 – Property Coverages, Coverage A – Dwelling . . . subject to the following:

(1) until actual repair or replacement is completed, we will pay only the actual cash value of the damaged part of the property . . . not to exceed the cost to repair or replace damaged part of the property;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property . . .

(3) to receive any additional payment on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to us after the work has been completed; and

(4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a building structure or other structure, except as provided under Optional Policy Provisions, Option OL – Building Ordinance or Law . . .

* * *

21. **DAMAGES AND LOSS CAUSED BY SOMETHING OTHER THAN THE ALLEGED STORM**. Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's live complaint, none being admitted, pre-existed or post-dated the alleged date of loss.

22. **No waiver of rights through appraisal.** By demanding or submitting to appraisal, State Farm does not waive its right to determine if coverage applies under the Policy:

4. APPRAISAL

* * *

> g. You and we do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.
>
> h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:

(1) any other questions of fact;
(2) questions of law;
(3) questions of coverage;
(4) other contractual issues;

* * *

Neither party will be awarded attorney fees

23. **Appraisal Requires Competent, Disinterested Appraiser.** Under the terms of the Policy, for appraisal to move forward, each party must "select a competent disinterest appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal." Plaintiff has not named such an appraiser.

24. **CONDITIONS PRECEDENT**. Defendant specifically denies that Plaintiff has complied with all conditions precedent to recover benefits under the insurance policy contract pursuant to which Plaintiff has presented the insurance claim made the basis of this action and that

Plaintiff has complied with all conditions precedent to bringing his causes of action. Pursuant to the following provisions of the Policy, Plaintiff's claims are barred in whole or in part by Plaintiff's failure to comply with the Policy conditions, including:

**SECTION I – CONDITIONS**

* * *

**Your Duties After Loss.** After a loss to which this insurance may apply, ***you*** must cooperate with ***us*** in the investigation of the claim and also see that the following duties are performed:

a. give prompt notice to ***us*** or ***our*** agent. . .;

b. protect the property from further damage or loss and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2) keep an accurate record of repair expenses;

c. prepare an inventory of damaged or stolen personal property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as ***we*** reasonably require:

(1) exhibit the damaged property;

(2) provide ***us*** with any requested records and documents and allow ***us*** to make copies; . . .

e. submit to ***us***, within 91 days after ***our*** request, ***your*** signed, sworn proof of loss . . .

**Suit Against Us.** No suit or action can be brought unless:

a. there has been compliance with the policy provisions;

* * *

25. Defendant has not knowingly or voluntarily waived any applicable affirmative defense, and reserves its right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during the course of this action.

## PRAYER

For the reasons stated Defendant, State Farm, respectfully prays that Plaintiff take nothing by way of this lawsuit, and that State Farm have such other and further relief to which it may be justly entitled, whether at law or in equity.

Respectfully Submitted,

*/s/ Matthew C. Sapp*

SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 (fax)
**ATTORNEYS FOR DEFENDANT STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via eFile Texas on September 25, 2025.

*/s/ Matthew C. Sapp*
MATTHEW C. SAPP

**CAUSE NO. DC-25-14025**

| | | |
|---|---|---|
| **LAURA L. LEYVA CASTILLO,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | **101ST JUDICIAL DISTRICT** |

**DECLARATION OF MATTHEW C. SAPP IN SUPPORT OF DEFENDANT STATE FARM LLOYDS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

I, Matthew C. Sapp, declare and state as follows, in accordance with Texas Civil Practice and Remedies Code § 132.001(a):

"My name is Matthew C. Sapp. I am over the age of 18 years (DOB 2/24/1984), have never been convicted of a felony or crime of moral turpitude, and am competent to make this declaration. The facts contained herein are true and correct based upon knowledge I obtained from review of claim-related materials pertaining to the above-captioned case. My office address is Faegre Drinker Biddle & Reath LLP, 2323 Ross Avenue, Suite 1700, Dallas, Texas 75201, and I am one of the attorneys representing Defendant State Farm Lloyds in the above-captioned case.

I have read Defendant State Farm Lloyds' Answer to Plaintiff's Original Petition, particularly paragraph 13, and declare under penalty of perjury that the facts stated therein are true and correct to the best of my present knowledge, information, and belief."

Executed in Denton County, State of Texas on September 25, 2025.



Matthew C. Sapp
Counsel for Defendant State Farm Lloyds

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kelly Olson on behalf of Matthew Sapp
Bar No. 24063563
kelly.olson@faegredrinker.com
Envelope ID: 106055988
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 9/25/2025 9:16 AM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 9/25/2025 7:21:48 AM | SENT |
| Kellie Otteman | | kotteman@cwilsonlaw.com | 9/25/2025 7:21:48 AM | SENT |
| Cinthia Bonilla | | cbonilla@cwilsonlaw.com | 9/25/2025 7:21:48 AM | SENT |
| Stephanie M.Stephens | | stephanie.stephens@faegredrinker.com | 9/25/2025 7:21:48 AM | SENT |
| Matthew CSapp | | Matt.Sapp@faegredrinker.com | 9/25/2025 7:21:48 AM | SENT |
| Kelly M.Olson | | kelly.olson@faegredrinker.com | 9/25/2025 7:21:48 AM | SENT |
| Susan Egeland | | susan.egeland@faegredrinker.com | 9/25/2025 7:21:48 AM | SENT |
| Danette Dykema | | Danette.dykema@faegredrinker.com | 9/25/2025 7:21:48 AM | SENT |

# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA L. LEYVA CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: ___________ |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**AFFIDAVIT OF BRANT KAUFMANN**

This day appeared before me, the undersigned authority, BRANT KAUFMANN, who after being duly sworn, deposed and stated as follows:

1. "My name is Brant Kaufmann. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2. I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also a Finance Director for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My business address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3. As part of my job duties for State Farm Mutual, I have access to and personal knowledge of the records of the department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5. As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6. As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7. On July 1, 2025, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated March 5, 2025 had been placed on file and that its records had been updated to reflect the following changes to the underwriters: Jordan Philip Sax, Schuyler Neil Schupbach and Matthew Joseph Parola replaced Mark Edward Schwamberger and Sarah Mineau.

The current underwriters for State Farm Lloyds are listed below:

- Katinka Meijerink Bryson: Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord: Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak: Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs: Mr. Isaacs is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Jonathan Allen Porwick: Mr. Porwick is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Andrew Glenn Rader: Mr. Rader is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sonya Johnson Robinson: Ms. Robinson is domiciled in Arizona. Her residence and full time place of employment are in Illinois and Arizona and she has expressed an intent to remain in Arizona while an Underwriter of State Farm Lloyds.

- Ronald Bradley Thein: Mr. Thein is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Jordan Philip Sax: Mr. Sax is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Schuyler Neil Schupbach: Mr. Schupbach is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Matthew Joseph Parola: Mr. Parola is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8. At all times since the July 1, 2025 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the States of Illinois and/or Arizona.

FURTHER AFFIANT SAYETH NAUGHT."

BRANT KAUFMANN

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 15 day of September, 2025.

Notary Public for the State of Illinois

OFFICIAL SEAL
ERYK NAJBAR
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 02/03/2027

# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAURA L. LEYVA CASTILLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: ____________** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | |

**LIST OF COUNSEL OF RECORD**

**Counsel for Plaintiff**

Chad T. Wilson
Bar No. 24079587
Cinthia A. Bonilla
Bar No. 24140528
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste 555
Webster, Texas 77598
Telephone: (713) 222-6000
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cbonilla@cwilsonlaw.com

**Counsel for Defendant**

SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Facsimile)