IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA L. LEVYA CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-2636-D |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from an insurance coverage dispute over hail damage to a residence, plaintiff Laura L. Levya Castillo ("Castillo") sues defendant State Farm Lloyds ("State Farm") to recover on contractual and extracontractual claims arising from the denial of her insurance claim. State Farm moves for summary judgment. For the reasons that follow, the court largely dismisses the extracontractual claims but otherwise denies the motion.

I

This lawsuit arises from Castillo's claim for insurance coverage following a May 27, 2024 storm that she alleges caused significant hail damage to her property ("Property").[1] The Property was insured under a policy ("Policy") issued by State Farm. The Policy covered

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Castillo as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

hail and windstorm damage, but it did not cover damage from wear and tear. On July 8, 2024 Castillo filed a claim with State Farm, reporting hail damage. State farm inspected the Property on July 15, 2024 and observed hail impacts to the turbine vents, but it did not identify hail damage to the roof shingles. It then issued its coverage determination, which fell below the deductible. Castillo disagreed with State Farm's findings. On September 16, 2024 State Farm conducted a second inspection with a public adjuster present. Following this inspection, State Farm informed Castillo that its conclusions remained unchanged.

On August 19, 2025 Castillo filed the instant suit, asserting the following claims: breach of contract; violations of the Texas Insurance Code, Tex. Ins. Code Ann. §§ 541-542 (West 2022); violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2021); violations of the Texas Prompt Payment of Claims Act ("TPPCA"), Tex. Ins. Code Ann. § 542.051, *et seq.* (West 2022); and breach of the common law duty of good faith and fair dealing.

Prior to making the instant claim, Castillo submitted a storm claim to State Farm in April 2023 for hail damage to the Property caused by an April 2, 2023 storm. When State Farm inspected the Property in April 2023, it identified hail damage from the storm to two turbine vents, one turtle vent, and portions of the gutters and downspouts. State Farm observed non-covered damage to the roof shingles, but it also expressly found that there was no hail damage and prepared an estimate for the covered damages observed. Castillo made no repairs to the Property between 2019 and May 2024.

After this case was removed to this court, State Farm filed the instant summary

judgment motion, contending that Castillo's breach of contract claim and extracontractual claims should be dismissed. Castillo opposes the motion, which the court is deciding on the briefs, without oral argument.

II

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet his burden. *Little*, 37 F.3d at 1076.

III

The court turns first to Castillo's breach of contract claim.

A

State Farm contends that it is entitled to summary judgment on Castillo's breach of contract claim because she has failed to introduce admissible evidence that would enable a

reasonable jury to segregate between covered and non-covered damages, as Texas law requires. Castillo responds that such a showing is unnecessary, because she has produced sufficient evidence from which a reasonable jury could find that the claimed loss resulted solely from the May 27, 2024 storm.

B

Under Texas' concurrent causation doctrine, "when covered and non-covered perils combine to create a loss, the insured is entitled to recover that portion of the damage caused solely by the covered peril." *Advanced Indicator and Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (per curiam) (citation omitted). "Because an insured can only recover for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof." *One Way Invs., Inc. v. Century Sur. Co.*, 2016 WL 5122124, at *2 (N.D. Tex. Sept. 21, 2016) (Fitzwater, J.) (citing *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App. 1999, pet. denied)). "It is essential that the insured produce evidence which will afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy." *Id.* (quoting *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971)). "[F]ailure to segregate covered and noncovered perils is fatal to recovery." *Id.* (quoting *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 198 (Tex. App. 2003, pet. denied)).

As the Fifth Circuit has explained, "[t]here are substantial gaps" in the doctrine of concurrent causation, and it has made several attempts to certify questions involving the

doctrine to the Supreme Court of Texas.[2] Nevertheless, the Fifth Circuit held in *Advanced Indicator* that an insured will not be barred by the concurrent causation doctrine if she puts "forth evidence demonstrating that the loss came solely from a covered cause or by putting forth evidence by which a jury may reasonably segregate covered and non-covered losses." *Advanced Indicator*, 50 F.4th at 477.

Accordingly, the court must proceed in two steps. First, the court must examine whether a "jury could reasonably find that all of [Castillo's] loss comes from a covered cause[.]" *Id.* If so, the concurrent causation doctrine is not triggered. Otherwise, the court must examine whether Castillo satisfied the concurrent causation doctrine by "putting forth evidence by which a jury may reasonably segregate covered and non-covered losses." *Id.*

C

The parties primarily dispute two aspects of the estimate prepared by Castillo's expert, Brandon Allen ("Allen"),[3] which serves as the basis for Castillo's claimed loss: (1) the roof shingles, and (2) select exterior components, including vents, gutters, and downspouts.

---

[2]*See Overstreet v. Allstate Vehicle and Prop. Ins. Co.*, 34 F.4th 496, 497 (5th Cir. 2022), certified question accepted (May 27, 2022), certified question dismissed (Sept. 16, 2022); *see also Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 472-473 (5th Cir. 2021), certified question accepted (Sept. 10, 2021), certified question dismissed (Dec. 3, 2021); *see also Advanced Indicator*, 50 F.4th at 476 n.4 (noting that *Overstreet* and *Frymire* both settled after certification, so the court's questions regarding when the concurrent doctrine applies and the plaintiff's burden of proof under it remain unanswered).

[3]Allen is a licensed independent adjuster and owner of Allen Consulting Services.

1

Castillo has introduced sufficient evidence to create a genuine issue of material fact concerning whether the claimed roof damage was caused solely by the May 27, 2024 hailstorm. *See Underwood Fin., Ltd. v. AMCO Ins. Co.*, 2026 WL 785729, at *14-16 (N.D. Tex. Mar. 19, 2026) (Lindsay, J.) (collecting cases); *see also Hub Tex., LLC v. Arch Specialty Ins. Co.*, 2023 WL 11859631, at *10-13 (N.D. Tex. Mar. 21, 2023) (Bryant, J.). According to Castillo, her expert (Allen) conducted a thorough inspection of the Property, reviewed the relevant Policy, analyzed weather data from the National Oceanic and Atmospheric Administration, interviewed Castillo's representative, assessed HAAG Guidelines for Roof Damage Assessments, utilized Xactimate's Price Lists and Estimating Software, and relied on his knowledge, training, education, and experience adjusting thousands of storm damage claims to reach his conclusions. In his report, Allen attributes the loss solely to the May 27, 2024 storm. He likewise testified that the damage to Castillo's roof occurred "[o]n the date of loss of 5/27/24." D. App. (ECF No. 22) at 420.

In 2023 State Farm expressly found that there was no hail damage to the roof shingles on "any of the (4) facing slopes." *Id.* at 36. Allen, through test square analysis, identified more than ten hail bruises per test square on all slopes, which was "a much larger quantity per test square than required" per HAAG guidelines. P. App. (ECF No. 23-2) at 4. He attributed this damage solely to the May 2024 storm.

State Farm "offers evidence to the contrary." *Advanced Indicator*, 50 F.4th at 476. It contends that its own experts, CJ Whitemire and Rogers Forensic Consulting Services

("Rogers"), found that the shingle damage was inconsistent with hail impacts and instead consistent with blistering. In Allen's deposition, however, he described his methodology, testifying as to how he distinguished hail damage from blistering. Even accepting State Farm's experts' testimony, this competing evidence, when viewed in the light most favorable to Castillo, creates a genuine dispute of material fact for the jury to resolve. *See Underwood Fin., Ltd.*, 2026 WL 785729, at *16 (holding that an insurer's competing expert testimony attributing the damage to "wear and tear" merely demonstrated a "genuine dispute of material fact").

State Farm also maintains that Allen improperly relied on soft metal damage from the April 2023 storm to support his finding that the hail damage at issue was caused by the May 2024 storm. Considering State Farm's own conclusion that it found no hail damage on the shingles due to the April 2023 storm, Allen's failure to review the 2023 claim provides limited support for State Farm. Allen relied on several different indicators—including test square analysis—to conclude that hail damage was present on the shingles. Moreover, he merely noted that the damage was "consistent" with the purported prior damage—not that it was determinative. P. App. (ECF No. 23-2) at 4.

Finally, State Farm maintains that Allen's failure to consider certain intervening storms is fatal to Castillo's claim. State Farm cites *Hamilton Props. v. Am. Ins*. Co., 643 Fed. Appx. 437, 442 (5th Cir. 2016) (per curiam), contending that, like the expert in *Hamilton*, Castillo's expert "[a]t most . . . claimed [that] he could show that the *current* damage to the property . . . can be *linked*" to the hailstorm at issue. *Id.* at 442. The Fifth Circuit reached

this conclusion for two key reasons. First, the insurer presented evidence of "multiple hailstorms both before and after" the storm at issue. *Id.* at 439. And, second, the insured could only recover for hailstorm damage that occurred between February 16 and September 24, 2009, and presented "no evidence describing or quantifying the extent of the hailstorm damage on or before September 24, 2009." *Id.* at 441.

*Hamilton Properties* is distinguishable. As discussed above, State Farm found that there was no hail damage to the roof in April 2023. Accordingly, there is information about the condition of the Property prior to the storm at issue. State Farm also points to four storms in the intervening period as well as one storm after May 2024, but before Allen's inspection, outside the coverage period. This is addressed, however, by *Advanced Indicator*. *Advanced Indicator*, 50 F.4th at 476-78.

In *Advanced Indicator* the Fifth Circuit reversed a district court's application of the concurrent causation doctrine. *Id.* The insured initiated a claim for interior water damage in May 2015, following a storm. *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 2021 WL 199617, at *1 (S.D. Tex. Jan. 19, 2021), *rev'd*, 50 F.4th 469 (5th Cir. 2022). Ultimately, the claim was not covered because the insurer could not find the claimed leak. *Id.* Then, in 2017, after Hurricane Harvey ("Harvey"), the insured submitted a claim stating that Harvey destroyed part of the roof and gutter, resulting in water damage. *Id.* The insurer hired ProNet Group, Inc. ("ProNet") to investigate the claim. *Id.* ProNet's engineer found that the "leaks occurred in the same areas reported in 2015 and that the water damage had not been repaired." *Id.* Despite being presented with invoices indicating that repairs had been made,

the insurer denied the claim. *Id.* The district court held that the insured's claim failed due to the concurrent causation doctrine; the insured presented "no evidence of segregated damages." *Id.* at 4. Furthermore, the court stated that the testimony of the insured's expert did "not differentiate losses caused by Harvey and preexisting losses," i.e., losses that were alleged to have been caused by a previous storm. *Id.* Finally, the district court pointed to inconsistencies in the insured's expert's testimony, noting that his declaration stated that the "damage was caused solely by Harvey," whereas in deposition he testified that the damage was "caused or exacerbated by Harvey." *Id.*

Despite the district court's reasoning, the Fifth Circuit reversed, holding that the insured had presented sufficient summary judgment evidence to create a genuine issue of material fact regarding whether the damage came solely from a covered cause. *Advanced Indicator*, 50 F.4th at 476. In so doing, the court pointed to the testimony of a public adjuster, who stated that the damage was "absolutely" caused by Harvey, as well as to the testimony of the expert with which the district court took issue. *Id.* Moreover, the court noted that previous reports indicated that the building was "in good shape." *Id.* The Fifth Circuit acknowledged that the insurer "offer[ed] evidence to the contrary," but it held that such "evidence serve[d] only to create a factual dispute." *Id.* After concluding that there was a genuine dispute of material fact, the Fifth Circuit held that the concurrent causation doctrine did not apply because "the same evidence that support[ed] [the insured's] argument that Hurricane Harvey caused *some* of its damage support[ed] its argument that Hurricane Harvey caused *all* of the damage." *Id.* at 477.

Since *Advanced Indicator* was decided, district courts have deemed similar arguments to be insufficient to preclude denying summary judgment when there was a factual dispute that remained concerning whether the damage was caused solely by the storm at issue. *See, e.g.*, *Marina Club Condo. Ass'n v. Phila. Indem. Ins. Co.*, 2022 WL 18046475, at *4 (W.D. Tex. Nov. 7, 2022) (rejecting application of concurrent causation doctrine in light of *Advanced Indicator* where the defendant argued that the "hail damage was caused by a 2005 storm and not the May 11, 2017 storm" at issue).

Accordingly, State Farm has failed to demonstrate that it is entitled to summary judgment dismissing Castillo's breach of contract claim based on the concurrent causation doctrine. *See, e.g.*, *Winterfield United Methodist Church v. Church Mut. Ins. Co., S.I.*, 2024 WL 5356135, at *5 (E.D. Tex. Dec. 17, 2024) (recommending that the district judge deny summary judgment when the insured presented sufficient evidence to raise a genuine dispute of material fact that claimed damage was caused solely by a covered event, even though the defendant submitted competing evidence), *rec. adopted*, 2025 WL 63670, at *1-3 (E.D. Tex. Jan. 9, 2025); *Marshall Mall Invs. LP v. Allied Prop. & Cas. Ins. Co.*, 2023 WL 5682412, at *3 (E.D. Tex. July 5, 2023) (holding that the defendant's evidence of "other storms caus[ing] non-covered damage outside the claimed dates of loss" was insufficient to trigger the concurrent causation doctrine when plaintiff presented expert testimony and roof inspections occurring before the claimed date of loss).

2

State Farm also contends that Castillo has failed to create a genuine dispute of

material fact as to whether the claimed loss concerning exterior items came "solely from a covered cause[.]" *Advanced Indicator*, 50 F.4th at 477.

It is undisputed that Allen failed to review the 2023 claim materials before rendering his opinion. In fact, he had no knowledge of the prior claim when he issued his opinion. Castillo's 2023 claim indicates that State Farm recorded hail damage to two turbine vents, one turtle vent, gutters, and downspouts. Castillo testified that she made no repairs. Allen's estimate of Castillo's covered loss included hail damage related to the same items. When asked at his deposition whether State Farm would owe Castillo for covered items that were not replaced post-loss, such as gutters or downspouts, Allen testified that if he "had the prior claim in front of [him], [he] would not have included them." D. App. (ECF No. 22) at 421. Then, when questioned about whether he would revise his estimate if presented with State Farm's estimates, he stated that he would if "the damage [wa]s the same." *Id.*

The coverage question pertaining to the exterior components presents a much closer question than the one concerning the roof shingles. But even if the court accepts State Farm's evidence, its "competing evidence demonstrates the existence of a fact dispute that cannot be resolved on summary judgment." *Hub Tex.*, 2023 WL 11859631, at *13 (holding that photographs indicating preexisting damage were insufficient to preclude the denial of summary judgment).

Although State Farm's evidence certainly indicates the existence of some preexisting damage, which undoubtedly, if proved, is excluded from coverage, Castillo need not segregate covered and non-covered losses because she has "produced evidence suggesting

that [her] claimed damages stem solely from the covered storm." *Winterfield*, 2024 WL 5356135, at *5 (citing *Hub Tex.*, 2023 WL 11859631, at *13 (citing *Advanced Indicator*, 50 F.4th at 476)); *see also Hub Tex.*, 2023 WL 11859631, at *13 ("[W]hile [defendant's] evidence indicates the existence of some pre-existing damage, for which the Policy would provide no coverage, [plaintiff] need not supply evidence of segregation in this case because its evidence suggests 100% of the claimed damage was caused by covered events."). Moreover, Allen merely testified that he would be open to revising his estimate "*as long as* the damage [wa]s the same," suggesting—when viewed in the light most favorable to Castillo—that his assessment relating to these items is still at least subject to dispute. D. App. (ECF No. 22) at 421 (emphasis added).

3

Alternatively, even if the court applies the concurrent causation doctrine, there is sufficient evidence in the summary judgment record for a reasonable jury to segregate damages. *See, e.g.*, *Winterfield*, 2024 WL 5356135, at *7; *Hub Tex.*, 2023 WL 11859631, at *13; *see also Fiess v. State Farm Lloyds*, 392 F.3d 802, 808-09 (5th Cir. 2004) (holding that insureds had produced sufficient evidence for a jury to segregate damages, even though that evidence was not "overwhelming" nor did it permit the jury to "flawlessly segregate"). Allen has provided a detailed line-item estimate of damages to the Property with more than 50 specific line items. In 2023, State Farm likewise provided a detailed description of the covered and non-covered damage and a detailed line-item estimate of the damage. Moreover, when assessing the disputed exterior items at trial, the jury can compare the

Rogers report and photographs (which includes photographs taken by State Farm in 2023) with the Allen report and photographs. *See, e.g.*, *Winterfield*, 2024 WL 5356135, at *7 ("[A] a jury can compare the prior inspection reports and photographs with that post-date of loss" along with the "detailed line-item estimate of damages to the Property").

Accordingly, the court denies State Farm's motion for summary judgment as to Castillo's breach of contract claim.

IV

The court turns next to Castillo's claim under the TPPCA.

A

Castillo alleges that State Farm violated Tex. Ins. Code Ann. §§ 542.055[4] and 542.056.[5] State Farm moves for summary judgment, contending that Castillo cannot establish that State Farm "failed to meet any statutory deadline." D. Br. (ECF No. 21) at 22. State Farm maintains that it timely acknowledged Castillo's claim, initiated an investigation, inspected the Property, evaluated the reported damage, analyzed coverage, and timely notified Castillo of its coverage determination. The undisputed summary judgment evidence

---

[4]An insurer must acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant no later than the 15th day after the date an insurer receives notice of a claim. *See* Tex. Ins. Code Ann. § 542.055.

[5]Insurers are required to "notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss." Tex. Ins. Code Ann. § 542.056.

shows that State Farm received the claim on July 8, 2024, initiated its investigation and inspected the Property on July 15, 2024, and, on the same day, issued its written coverage determination along with its estimate—informing Castillo that the amount of covered damage fell below the deductible. State Farm likewise asserts that, after Castillo retained a public adjuster, it conducted a second inspection on September 16, 2024, and "timely informed" Castillo that its conclusions remained unchanged. D. Br. (ECF No. 21) at 4.

In her response brief, although Castillo broadly discusses her TPPCA claim, she neither discusses State Farm's proffered timeline nor directly addresses State Farm's alleged violations of §§ 542.055 and 542.056.[6] Although Castillo's failure to respond to this ground of State Farm's motion does not permit the court to enter a "default" summary judgment on Castillo's TPPCA claim, *see, e.g.*, *Tutton v. Garland Indep, Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th

---

[6]In her response brief, Castillo discusses how the "wrongful rejection of a claim, if ultimately established, may constitute *a delay in payment* for the purposes of the TPPCA[.]" P. Resp. (ECF No. 23-1) at 17 (emphasis added). This addresses Castillo's TPPCA claim insofar as it is based on §§ 542.058 and 542.060. It does not, however, address her TPPCA claim to the extent it is based on an alleged violation of § 542.055 or § 542.056. *See, e.g.*, *Garcia v. State Farm Lloyds*, 629 F.Supp.3d 504, 510-11 (N.D. Tex. 2022) (Fitzwater, J.) (granting summary judgment on insured's TPPCA claim to the extent it was based on an alleged § 542.055(a) or § 542.056 violation, but denying summary judgment with respect to insured's claim based on alleged violations of §§ 542.058 and 542.060).

Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3). Because Castillo has not responded to this ground of State Farm's motion with specific evidence to support her claim under Tex. Ins. Code Ann. § 542.055 or § 542.056, the court grants State Farm's motion for summary judgment on Castillo's TPPCA claim to the extent it is based on an alleged violation of § 542.055 or § 542.056. *See, e.g.*, *Garcia v. State Farm Lloyds*, 629 F.Supp.3d 504, 510 (N.D. Tex. 2022) (Fitzwater, J.) (granting summary judgment on alleged § 542.055(a) and § 542.056 violations where State Farm Lloyds contended it had "satisfied each and every statutory deadline," provided a timeline, and the insured failed to respond with "specific evidence" to support his claim under § 542.055 or § 542.056).

B

Castillo also alleges that State Farm violated Tex. Ins. Code Ann. § 542.058, which provides that an insurer is liable to an insured and must pay damages "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days." Tex. Ins. Code Ann. § 542.058(a). If the insurer fails to pay the claim within 60 days, § 542.060

provides that, in addition to the amount of the claim, the insurer must pay the claimant "interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." Tex. Ins. Code Ann. § 542.060(a).

C

The court holds above that State Farm is not entitled to summary judgment dismissing Castillo's breach of contract claim. This means that Castillo's TPPCA claim based on §§ 542.058 and 542.060 likewise survives summary judgment. *See Garcia*, 629 F.Supp.3d at 511 (holding that because the court held that State Farm Lloyds was not entitled to summary judgment on plaintiff's breach of contract claim, plaintiff's TPPCA claim based on §§ 542.058 and 542.060 survived). This is so because there is a genuine issue of material fact concerning the amount of the claim: that is, the amount that State Farm must pay, if any, is yet to be determined. *See Casey v. State Farm Lloyds*, 2022 WL 3702024, at *7 (N.D. Tex. Aug. 26, 2022) (Lindsay, J.) (denying summary judgment on claims under Tex. Ins. Code Ann. §§ 542.058 and 542.060 where genuine issue of material fact existed regarding amount insurer was obligated to pay on insured's claim); *Patton v. Meridian Sec. Ins. Co.*, 617 F.Supp.3d 516, 543-44 (N.D. Tex. 2022) (Fish, J.) (denying insurer's motion for summary judgment on plaintiff's claim that insurer violated §§ 542.058 and 542.060 of the Texas Insurance Code because "[i]t is possible that the jury will find that [the insurer] breached the insurance contract by failing to pay more than what it has already paid."); *Advanced Indicator*, 50 F.4th at 477 ("[W]e reverse the district court's dismissal of [plaintiff's] TPPCA claim . . . . A wrongful rejection of a claim, if reduced to judgment, can

be considered a delay in payment under the TPPCA.”).

The court therefore denies State Farm’s motion for summary judgment addressed to Castillo’s TPPCA claim based on alleged violations of §§ 542.058 and 542.060 of the Texas Insurance Code.

V

The court considers next Castillo’s extracontractual claims under the DTPA, the Texas Insurance Code, and the common law duty of good faith and fair dealing.

A

Because State Farm contends that Castillo’s remaining extracontractual claims all fail if she has not provided evidence of bad faith, the court will first address Castillo’s claim for breach of the common law duty of good faith and fair dealing. *See Kim v. Nationwide Mut. Ins. Co.*, 614 F.Supp.3d 475, 494 (N.D. Tex. 2022) (Fitzwater, J.) (citing *Hall Arts Ctr. Off., LLC v. Hanover Ins. Co.*, 327 F.Supp.3d 979, 988 (N.D. Tex. 2018) (Fitzwater, J.)).

1

“Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims.” *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997) (citing *Arnold v. Nat’l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). The focus of a bad faith inquiry is on the reasonableness of the insurer’s conduct in rejecting or delaying payment of the claim, *see Universe Life Insurance Co. v. Giles*, 950 S.W.2d 48, 49 (Tex. 1997), which is determined by viewing the facts available to the insurer at the time of denial, *see Viles v. Security National Insurance*

*Co.*, 788 S.W.2d 566, 567 (Tex. 1990). An insurer breaches its duty of good faith if it denies a claim when its liability has become reasonably clear. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).

Moreover, an insurer cannot escape liability by failing to investigate a claim so that it can contend that liability was never reasonably clear; it breaches the duty of good faith and fair dealing by failing to reasonably investigate a claim. *See Giles*, 950 S.W.2d at 56 n.5 (citing *Arnold*, 725 S.W.2d at 167). But an insurer's duty to investigate is not unlimited. *See State Farm*, 963 S.W.2d at 44. "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *Id.* at 44-45. If, after reasonable investigation, the insurer has evidence showing that the insured's claim may be invalid, a bad faith action is not viable. *See Tucker v. State Farm Fire & Cas. Co.*, 981 F.Supp. 461, 465 (S.D. Tex. 1997) (citing *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988)).

2

State Farm maintains that it is entitled to summary judgment on Castillo's bad faith claim because a bona fide dispute exists as to whether the damage to Castillo's property is covered. The court agrees.

"[T]he existence of a 'bona fide controversy is a sufficient reason for failure of an insurer to make a prompt payment of a loss claim.'" *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 162 (5th Cir. 1994) (quotation omitted). In the present case, the evidence shows that State Farm relied on two reasonable inspections. First, State Farm acknowledged

the claim, inspected the Property, evaluated the reported damages, prepared an estimate, and timely communicated its coverage determination. After Castillo hired a public adjuster, State Farm reviewed the additional information submitted by that adjuster and conducted a second inspection. State Farm's experts, hired for this litigation, also inspected the Property and agree with State Farm's initial two inspections.

Castillo contends that her extracontractual claims do not rest merely on a coverage dispute. In support of this contention, however, Castillo asserts that "[b]efore the May 27, 2024 storm, State Farm inspected the same roof and expressly documented 'no hail d[amage] to shingles,'" and then, following the May 27, 2024 storm, "State Farm again determined that the disputed shingles did not sustain covered hail damage," despite her expert's finding to the contrary. P. Resp. (ECF No. 23-1) at 20. In substance, this is a coverage dispute, not an allegation of bad faith.

3

The court concludes that a reasonable jury could only find that State Farm's reliance on two inspections, conducted in a reasonable manner, provided a reasonable basis for State Farm to deny payment of Castillo's loss claim. *See Hall Arts Ctr. Off, LLC*, 327 F.Supp.3d at 998 (holding that reliance on two expert reports created bona fide controversy); *Mt. Javed Ventures, Ltd. v. Mt. Hawley Ins. Co.*, 2020 WL 2045550, at *7 (E.D. Tex. Apr. 7, 2020) ("The Plaintiff's supporting evidence suggests only a factual dispute over covered damage under the Policy[.]"); *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F.Supp.2d 642, 649 (S.D. Tex. 2012) (holding there was a bona fide dispute where plaintiffs' theory was that defendant

had undervalued the loss); *Kondos v. Allstate Tex. Lloyds*, 2005 WL 1004720, at *12 (E.D. Tex. Apr. 25, 2005) ("[Defendant's] investigation appears to have been adequate and reasonable and its position regarding further payments to be the result of a legitimate controversy on which reasonable minds could differ.").

Accordingly, the court grants summary judgment dismissing Castillo's claim for breach of the common law duty of good faith and fair dealing.

B

The court now addresses Castillo's Texas Insurance Code claims.

1

Castillo alleges that State Farm violated Chapter 541 of the Texas Insurance Code by misrepresenting facts related to policy coverage, in violation of § 541.060(a)(1); by failing to effect a settlement in good faith, in violation of § 541.060(a)(2)(A); by failing to provide a reasonable explanation, in violation of § 541.060(a)(3); by failing within a reasonable time to affirm or deny coverage, in violation of § 541.060(a)(4); and by refusing to conduct a reasonable investigation, in violation of § 541.060(a)(7).

2

Section 541.060 lists a number of unfair settlement practices, including: "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue," Tex. Ins. Code Ann. § 541.060(a)(1); "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear," Tex. Ins. Code Ann. § 541.060(a)(2)(A); "failing to promptly

provide . . . a reasonable explanation of the basis in the policy . . . for the insurer's denial of a claim or offer of a compromise settlement of a claim," Tex. Ins. Code Ann. § 541.060(a)(3); "failing within a reasonable time to . . . affirm or deny coverage of a claim to a policyholder," Tex. Ins. Code. Ann. § 541.060(a)(4); and "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code Ann. § 541.060(a)(7).

3

"Because [Castillo] has failed to present evidence that would enable a reasonable jury to find in [her] favor on [her] claim for breach of the duty of good faith and fair dealing, [her] § 541 claims under § 541.060(a)(2)(A) and § 541.060(a)(7) also fail." *Kim*, 614 F.Supp.3d at 497 (citing *Hall Arts Ctr. Off., LLC*, 327 F.Supp.3d at 1000 ("In this case, for the same reasons that [plaintiff's] claim for breach of the duty of good faith and fair dealing fails, its § 541.060(a)(2)(A) and § 541.060(a)(7) claims fail as well.")).

4

Castillo's claim under Tex. Ins. Code Ann. § 541.060(a)(1) fails for the same reason. This court has noted that, in certain circumstances, claims premised on a misrepresentation "may not arise out of the same factual allegations" as a bad faith claim—undermining the applicability of the bona fide dispute rule. *Kim*, 614 F.Supp.3d at 497. This is because, for the "bona fide dispute rule to apply, the extracontractual claim must share 'the same predicate for recovery as bad faith causes of action in Texas.'" *Id.* (quoting *Higginbotham*, 103 F.3d at 460). In other words "the statutory claims [must be] 'based on the same theory

which underlies the bad faith claim—namely, denial of policy benefits without a reasonable basis[.]'" *Harrison*, 2012 WL 1231071, at *8 (quotation omitted).

In the instant case, Castillo alleges that State Farm misrepresented (1) "the actual amount of damage [her] Property sustained"; (2) "[the] cost to repair the damage"; (3) "that the damage was caused by non-covered perils"; (4) "the amount of insurance coverage for [her] claim"; and (5) "the cause of, scope of, and cost to repair damages to [her] Property." P. Pet. (ECF No. 1-3) ¶¶ 19-23. These alleged misrepresentations all "rely on the same theory as [her] bad faith claim (i.e., that there was no reasonable basis to deny [her] policy benefits, and [State Farm's] representation to the contrary was a misrepresentation of coverage)." *Kim*, 614 F.Supp.3d at 497.

Of course, "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Rockbrook Realty Ltd. v. Travelers Lloyds Ins. Co.*, 2016 WL 8674683, at *3 (N.D. Tex. Nov. 18, 2016) (Fitzwater, J.) (quoting *One Way Invs., Inc.*, 2014 WL 6991277, at *4). Here, Castillo fails to specify a misrepresentation concerning the details of the Policy. Instead, as explained above, all of Castillo's proffered misrepresentations concern the facts underlying the claim for coverage.

Accordingly, the court grants summary judgment dismissing Castillo's § 541.060(a)(1) claim.

5

Castillo has likewise failed to present evidence that would enable a reasonable jury to find in her favor on her § 541.060(a)(3) claim. District courts have held that a

§ 541.060(a)(3) claim may survive judgment in the absence of bad faith if the plaintiff's central theory is that she was "never provided [with] any explanation for the denial." *Jesus Church of Victoria Tex., Inc. v. Church Mut. Ins. Co.*, 2022 WL 4238089, at *11 (S.D. Tex. Sept. 13, 2022) (emphasis omitted). Here, however, State Farm provided a coverage letter indicating that it was not making a payment on Castillo's claim because State Farm "determined [her] loss d[id] not exceed [the] $2512.00 deductible" and "enclosed [an] estimate of [the] damages." D. App. (ECF No. 22) at 31. In her petition, Castillo only alleges in conclusory fashion the failure to provide a "prompt and reasonable explanation." P. Pet. (ECF No. 1-3) ¶ 47. In her response brief, she neither addresses State Farm's proffered explanation nor does she directly address her § 541.060(a)(3) claim.

Accordingly, because Castillo has failed to present evidence that would enable a reasonable jury to find in her favor, the court grants State Farm's motion as to Castillo's § 541.060(a)(3) claim.

6

State Farm does not directly address Castillo's § 541.060(a)(4) claim.[7] It does contend, however, that all of Castillo's § 541 claims fail because there is a bona fide dispute concerning its liability on the insurance contract. But "the bona fide dispute rule does not entitle [State Farm] to summary judgment on [Castillo's] § 541.060(a)(4) claim because it

---

[7]Tex. Ins. Code Ann. § 541.060(a)(4) provides that an insurer may not fail, within a reasonable time, to "affirm or deny coverage of a claim to a policy holder" or "submit a reservation of rights to a policy holder[.]"

is not apparent that [State Farm's] reasonable basis for denying [Castillo's] claim automatically absolves it of liability regarding the promptness of making a determination." *Gerstman v. Crestbrook Ins. Co.*, 2025 WL 1644533, at *10 (N.D. Tex. June 9, 2025) (Fitzwater, J.) (citing *Hall Arts Ctr. Off., LLC*, 327 F.Supp.3d at 1000).

Accordingly, State Farm's motion for summary judgment as to Castillo's § 541.060(a)(4) claim is denied.

C

The court now considers Castillo's DTPA claims. A "bona fide dispute" regarding insurance coverage precludes liability for breach of the duty of good faith and fair dealing and violations of the DTPA and Texas Insurance Code. *See Higginbotham*, 103 F.3d at 460 (citing *Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App. 1994, writ denied)); *Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 544 (S.D. Tex. 1999). "Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas." *Higginbotham*, 103 F.3d at 460; *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F.Supp.2d 801, 811 (N.D. Tex. 2010) (Fitzwater, C.J.) (same). "The insurer 'will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for denial of that coverage.'" *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 525 (5th Cir. 2015) (citing *Higginbotham*, 103 F.3d at 459) (quotation omitted); *see also Harrison v. Int'l Catastrophe Ins. Managers, LLC*, 2012 WL 1231071, at *8 (E.D. Tex. Mar. 22, 2012) ("When claims under the Texas Insurance Code and the DTPA are joined with a claim for breach of the duty of good faith

and fair dealing, and the statutory claims are based on the same theory which underlies the bad faith claim—namely, denial of policy benefits without a reasonable basis—then those DTPA and Insurance Code claims must fail if the bad faith claim fails." (quotation omitted)), *rec. adopted*, 2012 WL 1232020 (E.D. Tex. Apr. 12, 2012).

Because Castillo's claim under Tex. Ins. Code Ann. § 541.060(a)(4) is proceeding, so too will Castillo's claim under § 17.50(a)(4), which provides an action for "the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code." *See Gerstman*, 2025 WL 1644533, at *10 ("Because plaintiffs' claims under Tex. Ins. Code Ann. §§ 541.060(a)(3) and 541.060(a)(4) are proceeding, so too will plaintiffs' claim under § 17.50(a)(4)[.]"). The court therefore denies State Farm's motion for summary judgment on this claim.

Castillo's remaining DTPA claims arise out of the same factual allegations that give rise to her bad faith claims: namely, that State Farm concluded that her claim fell below her deductible under the Policy. *Guerrero v. State Farm Lloyds*, 2021 WL 5154784, at *4 (S.D. Tex. June 25, 2021) ("[T]he basis of Plaintiffs' statutory claims is the same as the basis for their breach of good faith and fair dealing claim: Defendant wrongfully denied Plaintiffs' policy benefits."); *JNH Holding, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, 2017 WL 4347683, at *4 (E.D. Tex. Sept. 29, 2017) ("Because the Texas Insurance Code and DTPA claims arise out of the same factual allegations as the bad faith claims, the Court finds that these statutory claims must also be dismissed."); *see also Douglas*, 37 F.Supp.2d at 544 (S.D. Tex. 1999) ("[W]hen an insured joins claims under the Texas Insurance Code and the DTPA

with a bad faith claim, all asserting a wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no liability on either of the statutory claims."). The court therefore grants State Farm judgment as to Castillo's remaining claims under the DTPA.

VI

State Farm also moves for summary judgment on Castillo's claims for treble and exemplary damages.

A

The Texas Insurance Code and DTPA provide for the trebling of "actual damages" if the insurer "knowingly committed the act complained of[.]" Tex. Ins. Code Ann. § 541.152(b); *see also* Tex. Bus. & Com. Code Ann. § 17.50(b)(1) ("If the trier of fact finds that the conduct of the defendant was committed knowingly . . . the trier of fact may award not more than three times the amount of economic damages[.]"). In this context, "'[k]nowingly' means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice" on which a claim for damages is based. Tex. Ins. Code Ann. § 541.002(1); *see also* Tex. Bus. & Com. Code Ann. § 17.45(9) ("'Knowingly' means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim[.]"). "Actual awareness may be inferred if objective manifestations indicate that a person acted with actual awareness." Tex. Ins. Code Ann. § 541.002(1). Moreover, the Texas Civil Practices and Remedies Code allows an award of exemplary damages if the plaintiff proves by clear and convincing evidence that the damages resulted from fraud, malice, or gross negligence. *See* Tex. Civ Prac. & Rem. Code

Ann. § 41.003(a) (West 2015) ("[E]xemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm . . . results from: (1) fraud; (2) malice; or (3) gross negligence.").

B

State Farm asserts that Castillo has not presented any evidence that it "had actual awareness of any alleged false or deceptive act," and that Castillo's claims for treble and exemplary damages should be dismissed. D. Br. (ECF No. 21) at 21. The court agrees. State Farm has satisfied its burden under Rule 56 to point out insufficient proof of Castillo's claims for treble and exemplary damages. In her petition, Castillo alleges that State Farm made the various misrepresentations discussed above "knowingly or recklessly." Pet. (ECF No. 1-3) ¶ 22. But, again, such "misrepresentations" are, in substance, merely disputes concerning coverage. Castillo also alleges in her petition that "[a]ll of State Farm's acts, omissions, and failures were committed 'knowingly' and 'intentionally,'" but she fails to point to evidence supporting this claim. *Id.* ¶ 55. Indeed, in her response brief, Castillo neither points the court to any evidence that supports her claims for treble and exemplary damages nor does she address these claims directly.

Because Castillo has not responded with specific evidence to support her claims, the court grants State Farm's motion for summary judgment on Castillo's claims for treble and exemplary damages. *See, e.g.*, *Hinson v. State Farm Lloyds*, 2021 WL 1131231, at *12 (E.D. Tex. Mar. 10, 2021) (dismissing claims for treble and exemplary damages because plaintiff failed to provide sufficient evidence), *rec. adopted*, 2021 WL 1608495, at *3 (E.D. Tex. Apr.

26, 2021); *see also Beaumont Pres. Partners, LLC v. Int'l Catastrophe Ins. Managers, LLC*, 2011 WL 6707287, at *14 (E.D. Tex. Oct. 6, 2011) ("It was incumbent upon [the insured] to cite to the relevant summary judgment evidence showing a genuine dispute as to *these claims* [for treble and exemplary damages] and to apply the evidence to the relevant statutory provisions in the DTPA and the Texas Insurance Code."), *rec. adopted*, 2011 WL 6709920, at *1 (E.D. Tex. Dec. 21, 2011).

* * *

For the reasons explained, the court denies State Farm's summary judgment motion with respect to Castillo's claims for breach of contract; violations of Tex. Ins. Code Ann. §§ 541.060(a)(4), 542.058, and 542.060; and violation of Tex. Bus. & Com. Code Ann. § 17.50(a)(4). The court grants State Farm's motion with respect to Castillo's claims for breach of the common law duty of good faith and fair dealing; violations of Tex. Ins. Code Ann. §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), 542.055, and 542.056; violations of Tex. Bus. & Com. Code Ann. §§ 17.46(b)(2), 17.46(b)(5), 17.46(b)(7), 17.46(b)(9), 17.46(b)(12), 17.46(b)(20), 17.46(b)(24), 17.50(a)(2), and 17.50(a)(3); and Castillo's claims for treble and exemplary damages.

**SO ORDERED**.

October 14, 2026.

Sidney A. Fitzwater

SIDNEY A. FITZWATER
SENIOR JUDGE